UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANTHONY MAGLIOCCO,

                        Petitioner,                **ORDER**

          -against-                23 Civ. 4907 (PMH) (AEK)

WARDEN JOHN/JANE DOE,

                        Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On March 3, 2025, the Court issued an order directing Respondent to file an update letter notifying the Court as to whether Petitioner's motion pursuant to New York Criminal Procedure Law § 440.10 motion ("440.10 Motion") had been filed, and if so, whether the motion had been fully briefed, and when a decision on the motion was expected. ECF No. 22. Respondent also was directed to include in the letter a description of the claims raised in the 440.10 Motion and how they related to the claims asserted in the Amended Petition filed in this case at ECF No. 2. *Id.*

Respondent filed a letter on March 12, 2025, noting that Petitioner had filed his 440.10 Motion in Putnam County Court on December 24, 2024; the deadline for the People's response was May 7, 2025; and that it was unknown when the motion would be decided. ECF No. 23. Nonetheless, Respondent asked for the stay of this habeas proceeding to be lifted because, under the standard enunciated in *Rhines v. Weber*, 544 U.S. 269 (2005),[1] Petitioner had failed to show

---

[1] Pursuant to *Rhines*, the standard for granting a stay to allow for exhaustion of a claim in state court requires Petitioner to demonstrate that he "[1] had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

either good cause for his failure to exhaust or a lack of intentional delay.  *Id.* at 2.  Furthermore, Respondent argued for the lifting of the stay for the additional reason that the 440.10 Motion that was filed did not include any of the unexhausted claims raised in Petitioner's amended habeas petition.  *Id.*[2]

Petitioner thereafter filed a letter dated April 1, 2025, in which he stated that he wanted to reserve his right to amend his habeas petition "depending on the results of my 440.10 motion . . . ."  ECF No. 24.  He added that the stay "should continue, and any issues of relating back should be determined if and when a motion to amend is made."  *Id.*  Before the Court took any action on the parties' submissions, Petitioner filed a letter dated March 6, 2026, informing the Court that he was unsuccessful in the appeal of the 440.10 Motion, and attached a copy of the February 9, 2026 decision of the Appellate Division, Second Department denying his application for leave to appeal the County Court, Putnam County decision denying his 440.10 Motion.  ECF No. 25 (duplicate at ECF No. 26).  Petitioner's letter asks about next steps in this habeas proceeding and notes that he has a new habeas corpus lawyer, Jeffrey Hoffman, Esq.  *Id.*

Because the ineffective assistance of counsel claim raised in the 440.10 Motion has been fully exhausted, Petitioner's application for a stay is now moot.  However, if Petitioner wants to

---

[2] The habeas petition, as amended, raises four claims:  (1) the prosecution failed to disclose evidence favorable to Petitioner, *i.e.*, evidence that the victim did not suffer any injuries as a result of the alleged crime; (2) the jury was unconstitutionally selected in that individuals who were Jehovah's Witnesses were all dismissed from the jury panel; (3) ineffective assistance of trial counsel based on advising Petitioner not to testify and failing to call a witness who could testify that the victim did not suffer any injuries as a result of the alleged crime; and (4) the police unconstitutionally searched and seized Petitioner.  ECF No. 2 ("Amended Petition") at 6-7 (citing the page numbers assigned by the Court's Electronic Case Filing ("ECF") system).  The 440.10 Motion, however, raised only a single claim of ineffective assistance of trial counsel based on counsel's failure to call Petitioner's family members as witnesses to testify that Petitioner had permission to enter the victim's house, thereby negating the element of unlawful entry, which was necessary to support Petitioner's conviction of first degree burglary.  *See generally* ECF No. 23-1.

attempt to further amend the Amended Petition to add the ineffective assistance of counsel claim that was litigated in the 440.10 Motion, he now must file a motion to amend.  Of course, Petitioner is not *required* to file a motion to amend—he may instead choose to proceed exclusively on the claims in the Amended Petition.  If Petitioner promptly notifies the Court that he does not intend to file a motion to amend, the Court will accelerate the date in paragraph (2) below for the Respondent to file an opposition to the Amended Petition.  If Petitioner does elect to file a motion to amend, as Petitioner noted in his April 1, 2025 letter, "any issues of relating back should be determined if and when a motion to amend is made."  ECF No. 24.

Since Respondent has not yet responded to the Amended Petition, the Court orders the following briefing schedule with respect to both the potential motion to amend and the Amended Petition itself:

> (1) Petitioner's motion to amend (if any) must be served and filed **by no later than April 17, 2026**;
>
> (2) Respondent's opposition to the motion to amend and response to the Amended Petition, as well as the transcripts and briefs identified in Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, must be served and filed **by no later than June 16, 2026**. To be clear, this filing must include Respondent's arguments regarding the merits of the proposed new claim, so that if the motion to amend is granted, the Court will be able to address all active claims based on these submissions; and
>
> (3) Petitioner's reply papers in support of both the motion to amend and the Amended Petition must be served and filed **by no later than July 16, 2026**.

*      *      *      *      *      *

In his March 6, 2026 letter, Petitioner stated that he has retained counsel to represent him in this habeas proceeding.  *See* ECF No. 25.  If, in fact, Petitioner has retained Mr. Hoffman for purposes of this habeas proceeding, then Mr. Hoffman must promptly file a notice of appearance.

3

If, however, Mr. Hoffman is not representing Petitioner, then he should submit a letter to the Court to clarify the situation.  Chambers will mail a copy of this Order to Mr. Hoffman.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner at his address of record on the docket.

Dated: March 18, 2026
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

4