UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANTHONY MAGLIOCCO,

                     Petitioner,           **ORDER**

      -against-                     23 Civ. 4907 (PMH) (AEK)

WARDEN JOHN/JANE DOE,

                     Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On March 18, 2026, the Court issued an order noting that because the ineffective assistance of counsel claim raised in Petitioner's Section 440.10 motion had been fully exhausted, Petitioner's application for a stay was moot. ECF No. 27. The Court further ordered a briefing schedule with respect to both Petitioner's potential motion to amend and Respondent's response to the Amended Petition (ECF No. 2). *Id.* Rather than filing a motion to amend the Amended Petition, Petitioner instead filed a letter seeking an extension of the stay while he retains counsel to file a motion to reargue his Section 440.10 motion. ECF No. 28. Petitioner's letter also made reference to "newly found ineffective assistance of counsel claims." *Id.* Respondent filed a responsive letter opposing Petitioner's request to extend the stay. ECF No. 30. Petitioner thereafter filed a second letter in which he stated that he was requesting an extension of the stay so that he can retain counsel to file a petition for a writ of error *coram nobis* and "reserv[ing] [his] right to amend and thus requesting a permanent extension on such . . . ." ECF No. 31.

As noted above, the Court's March 18, 2026 already determined that Petitioner's application for a stay was moot. There is therefore no stay to extend. Furthermore, Petitioner

has failed to demonstrate that he is entitled to a stay for any of the purported claims he might be seeking to exhaust through either reargument of his Section 440.10 motion, the filing of a new Section 440.10 motion, or the filing of a petition for a writ of error *coram nobis*. The standard for granting a stay, which was set forth in the March 18 order, requires Petitioner to demonstrate that he "[1] had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner's letters neither articulate the nature of his claims nor demonstrate that Petitioner has satisfied any of the *Rhines* factors that would support the grant of a stay.

The Court will not hold this federal habeas proceeding in abeyance indefinitely while Petitioner tries to determine whether to pursue any other claims in state court that he might at some later date attempt to add to the Amended Petition.

Accordingly, the Court orders the following revised briefing schedule with respect to both (i) the potential motion to amend to add the ineffective assistance of counsel claim that has been fully exhausted by the Section 440.10 motion, and (ii) the response to the Amended Petition:

> (1) Petitioner's motion to amend (if any) must be served and filed **by no later than May 13, 2026—if Petitioner does not file a motion to amend, then the ineffective assistance of counsel claim that was exhausted via his Section 440.10 motion will not be considered as part of this habeas proceeding**;
>
> (2) Respondent's opposition to the motion to amend (if necessary) and response to the Amended Petition, as well as the transcripts and briefs identified in Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, must be served and filed **by no later than July 15, 2026**. To be clear, if Petitioner does file a motion to amend, this filing must include Respondent's arguments regarding the merits of the proposed new claim, so that if the motion to amend is granted, the Court will be able to address all active claims based on these submissions; and

2

(3) Petitioner's reply papers in support of both the motion to amend and the Amended Petition must be served and filed **by no later than August 12, 2026**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se*

Petitioner at his address of record on the docket.

Dated: April 22, 2026
    White Plains, New York

**SO ORDERED.**

_____

ANDREW E. KRAUSE
United States Magistrate Judge

3