UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANTHONY MAGLIOCCO,

                        Petitioner,                  **ORDER**

          -against-                  23 Civ. 4907 (PMH) (AEK)

WARDEN JOHN/JANE DOE,

                        Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

In his most recent letter, dated April 13, 2026, Petitioner offers certain explanations for why he "would like to stay [his] right to amend." ECF No. 33 at 1.[1] In sum, Petitioner states that he seeks to stay this federal habeas proceeding in order to file a motion to reargue his Section 440.10 motion and a separate petition for a writ of error *coram nobis*, and thereafter seek to further amend his habeas petition. *Id.* The April 13, 2026 letter clarifies that the claim Petitioner wants to raise in state court involves the use of *Molineux* material at trial,[2] and asserts that Petitioner was not asked by the state court judge whether he personally (as opposed to his trial counsel) agreed that such material would not be used at trial. *Id.*

---

[1] At the top of this letter, Petitioner refers to an April 17, 2026 deadline. This is the deadline originally set by the Court for Petitioner to **file his motion to amend (if any)**. *See* ECF No. 27 at 3 (emphasis added). The April 13, 2026 letter is not a motion to amend to add any claim that has recently been exhausted. As set forth below, the Court has extended that deadline, and the Court has reiterated here the consequences for Petitioner if he fails to file a motion to amend by that deadline.

[2] "*New York v. Molineux* permits a defendant's prior criminal and bad acts to be admitted as direct evidence in the prosecution's case under certain circumstances.." *Liggins v. Burge*, 689 F. Supp. 2d 640, 644 n.2 (S.D.N.Y. 2010).

While this letter is dated April 13, 2026, it was not docketed until after the Court issued its Order dated April 22, 2026.  *See* ECF No. 32.  But even if the April 13, 2026 letter had been received prior to the issuance of that Order, nothing in that Order would have changed.  As the Court explained, there is no stay in place at present, and the previous application for a stay was rendered moot by Petitioner fully exhausting the ineffective assistance of counsel claim that was raised in his Section 440.10 motion.  *Id.*

Moreover, while Petitioner's latest letter might be an attempt to demonstrate that he satisfies the standard for granting a stay set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), the rationale of *Rhines* does not apply where, as here, Petitioner is seeking to raise entirely new claims that were never included in the Amended Petition, *see* ECF No. 2.  Rather, *Rhines* was intended to apply to "mixed" petitions, *i.e.*, habeas petitions that include both exhausted and unexhausted claims.  Indeed, the purpose of the stay and abeyance procedure set forth in *Rhines* was to prevent the dismissal of petitions containing unexhausted claims, which might otherwise foreclose federal habeas review, even of the properly exhausted portions of the mixed petition, due to the expiration of the one-year statute of limitations while petitioners were working to exhaust their previously unexhausted claims in state court.  *See id.* at 275 ("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it [because it includes unexhausted claims] after the limitations period has expired, this will likely mean the termination of any federal review.").  And even if the *Rhines* standard did apply, Petitioner has not provided any explanation for why there is good cause for his failure to exhaust these claims, why these claims are potentially meritorious, or why he is raising these claims—which are based on something that happened either prior to or at his trial—for the first time now, so long after the

2

trial and after both his direct appeal and his Section 440.10 motion have been fully litigated.  *See Rhines*, 544 U.S. at 278.

Petitioner is still free to file either a motion to reargue his Section 440.10 motion or a petition for a writ of error *coram nobis* in state court if he wishes to do so, but, as stated in the Court's April 22, 2026 Order, the Court will not hold this proceeding in abeyance indefinitely while Petitioner decides how to proceed.

Accordingly, the briefing schedule set forth in the Court's April 22, 2026 Order still stands with respect to both (i) the potential motion to amend to add the ineffective assistance of counsel claim that has been fully exhausted by the Section 440.10 motion, and (ii) the response to the Amended Petition:

> (1) Petitioner's motion to amend (if any) must be served and filed **by no later than May 13, 2026—if Petitioner does not file a motion to amend, then the ineffective assistance of counsel claim that was exhausted via his Section 440.10 motion will not be considered as part of this habeas proceeding**;
>
> (2) Respondent's opposition to the motion to amend (if necessary) and response to the Amended Petition, as well as the transcripts and briefs identified in Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, must be served and filed **by no later than July 15, 2026**.  To be clear, if Petitioner does file a motion to amend, this filing must include Respondent's arguments regarding the merits of the proposed new claim, so that if the motion to amend is granted, the Court will be able to address all active claims based on these submissions; and
>
> (3) Petitioner's reply papers in support of both the motion to amend and the Amended Petition must be served and filed **by no later than August 12, 2026**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se*

Petitioner at his address of record on the docket.

Dated: April 27, 2026
      White Plains, New York

                                              **SO ORDERED.**

                                              _____
                                              ANDREW E. KRAUSE
                                              United States Magistrate Judge

4